NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0343n.06

Case No. 22-3994

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 25, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) ) | |
| JEFFERY J. GRANDBERRY, | ) ) | |
| Defendant-Appellant. | ) | OPINION |

Before: BATCHELDER, COLE, and NALBANDIAN, Circuit Judges.

COLE, Circuit Judge. On direct appeal, Jeffery Grandberry argues that his trial counsel was constitutionally ineffective for multiple reasons. Because ineffective-assistance-of-counsel claims are better left to post-conviction review, we decline to address the merits of Grandberry's claims and dismiss the appeal.

I.

Grandberry was convicted by a jury of one count of being a felon in possession of ammunition. Now, on direct appeal, Grandberry argues that his trial counsel was constitutionally ineffective for (1) failing to advise Grandberry during the plea-bargaining phase of the possible impact of the Supreme Court's decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022); and (2) failing to highlight certain inconsistencies in some of the trial testimony.

We frequently decline to address claims of ineffective assistance of counsel on direct appeal because the existing record often lacks the information necessary to resolve the claims.

*See United States v. Bradley*, 400 F.3d 459, 461–62 (6th Cir. 2005) (collecting cases); *United States v. Pryor*, 842 F. App'x 1023, 1024 (6th Cir. 2021) (per curiam). "[I]n most cases a motion brought under [28 U.S.C] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" in order to allow for "additional factual development" regarding the "adequacy of representation." *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

Here, the district court record is insufficient to decide Grandberry's ineffective-assistance claims. We have no information about the conversations between Grandberry and his counsel during plea negotiations or any other phase of the case, nor does the current record reveal anything about counsel's strategy throughout the trial. His claims should "be litigated in the first instance in the district court, the forum best suited to developing the facts necessary" to address the ineffectiveness inquiry. *Id.* at 505.

Therefore, we dismiss the appeal without prejudice to Grandberry's ability to raise his ineffective-assistance claims under 28 U.S.C. § 2255.